UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Mark Gaines,
    Plaintiff,

vs.                                                                                                                                                  11-cv-1008

Lt. Livingston, et al.,
    Defendants.

MERIT REVIEW ORDER OF DISMISSAL

    The plaintiff, Mark Gaines, currently incarcerated at the Menard Correctional Center by the Illinois Department of Corrections, has filed a lawsuit pursuant to 42 U.S.C. Section 1983. He names as defendants, Lt. Livingston, Correctional Officer, G. Ince, Correctional Officer Gary L. Pampel and Brian Fairchild, Chairperson of the Administrative Review Board. The plaintiff sues each of the defendants in both their individual and official capacity.

Standard

    The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

    Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

1

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Allegations

The plaintiff claims that on March 20, 2009 at approximately 1:55 p.m., he was housed at the Hill Correctional Center, located in Galesburg, Illinois. He began to feel ill and complained of severe stomach pain and knots in his stomach. Plaintiff claims he was barely able to stand. He claims Defendant Ince refused his request for medical care and instead advised the plaintiff to sign up for nurse sick call. Plaintiff claims this would have taken a day or so, while leaving him in pain. Ince directed the plaintiff to return to his cell or be walked to segregation. Ince contacted Lt. Livingston to inform him that the plaintiff was complaining of stomach pain. Livingston arrived in the cell house about 2:00 p.m. Livingston also denied the plaintiff's request for medical care and walked the plaintiff to disciplinary segregation.

One he was placed in segregation, Ince and Livingston issued a disciplinary ticket against the plaintiff. The plaintiff was charged with intimidation or threats, insolence and disobeying a direct order. The plaintiff was found guilty of the charges and punished with 30 days in segregation. However, the plaintiff admits that he received medical care later on the day of March 20, 2009. He claims that sometime between 3:00 p.m. and 8:00 p.m., he was seen through the cell door by a nurse who asked him some questions and then scheduled him to see a doctor days later. Within a week from the time, he complained of severe stomach pain, the plaintiff was seen and examined by a doctor. He was diagnosed with a mild hernia and a stomach virus that causes ulcers. The doctor prescribed medication for the plaintiff that he took during the period of March 2009 to June or July 2009.

The plaintiff later filed grievances regarding Livingston and Ince's denial of his request for medical care and the disciplinary charges. The plaintiff claims he received a response for only one of the grievances. That grievance was denied by Defendant Pampel. The second grievance was sent directly to the Administrative Review Board, therefore, Pampel would not have had an opportunity to respond to the plaintiff's second grievance which included an

2

attachment of the May 5, 2009, Grievance #092416. Plaintiff appealed to the Administrative Review Board. Plaintiff claims that although he gave justifiable reasons for failure to timely file his grievance, Defendant Fairchild denied the plaintiff's grievance stating the grievances were untimely. Plaintiff claims Fairchild denied him the right to exhaust his administrative remedies. A review of the grievances shows the plaintiff filed a grievance on May 15, 2009. This grievance number is #092146. The nature of his grievance was the March 20, 2009-disciplinary report. The plaintiff stated that he was "written up" by Ince for asking for medical treatment. He grieved that Ince and Livingston's disciplinary reports contradicted each other. The plaintiff never complains that his request for medical treatment was denied by Ince and Livingston in this grievance. On June 11, 2009, the grievance officer, Pampel recommended that the grievance be denied. On June 15, 2009, the Chief Administrative Officer concurred with Pampel's recommendation. The plaintiff noted on this grievance that this grievance was not forwarded to him until July 6, 2009. The court reasonably assumes this is the day he received the grievance. He appealed the grievance to the Director, via the Administrative Review Board on July 26, 2009. The plaintiff filed a second grievance dated July 11, 2009. In this grievance, he states "[t]his grievance was filed with grievance #092146 at Hill CC on May 5, 2009, but somehow [it] has not been responded to...." In the July 11, 2009-grievance, he complains that his request for medical treatment on March 20, 2009 was denied by Ince and Livingston. He forwarded the May 5, 2009 grievance and the July 11, 2009-grievance to the Administrative Review Board. They were received by the Administrative Review Board on July 28, 2009. Defendant Fairchild noted that the grievance was not submitted in the timeframe outlined in Department Rule 504; and therefore the issue would not be addressed further. Also Fairchild also noted that the "issues in [grievance] 092146 were responded to by the CAO on 6/15/09 [but not appealed] to ARB until 7/28/09 – outside the 30 days [to appeal].

Discussion

The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, but as with any affirmative defense, dismissal on the pleadings for failure to exhaust is appropriate if it is "apparent from the complaint itself" and "unmistakable" that exhaustion did not occur. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit)

According to Illinois Department of Corrections policy, the grievance process begins with an informal attempt for an inmate to resolve issues with his counselor. If the issue remains unresolved, the inmate may submit a grievance to a Grievance Officer, who is to consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. Ill. Admin. Code tit. 20, § 504.830(d). "A grievance shall be filed within

3

60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." §504.810(a). The Chief Administrative Officer shall make a determination and "advise the offender of the decision in writing within two months after receipt of the written grievance, where reasonably feasible under the circumstances." § 504.830(d). There is also an appeals process wherein the offender, after receiving the response from the Chief Administrative Officer, may appeal in writing to the Director within 30 days after the date of the decision. § 504.850(a). The Director reviews the appeal, and may submit it to the Administrative Review Board ("ARB"). § 504.850(b). If submitted to the ARB, that body is to analyze the grievance and sends a written report back to the Director for final disposition. § 504.850(e)-(f). Generally, an offender has exhausted the administrative remedies once this process is complete.

Here the plaintiff failed to properly exhaust the administrative remedies. As indicated by his note on his May 5, 2009-grievance, he claims he did not receive the Chief Administrative Officer's June 15, 2009 response to his May 5, 2009 until July 6, 2009. Even if that was true, the plaintiff had up to July 15, 2009 to file his appeal to the Administrative Review Board. He did not. He signed his appeal on July 26, 2009, more than 30 days after the date of the decision. Further, the plaintiff's assertion that he did not receive the response until July 6, 2009 is a ruse. In his July 11, 2009-grievance, he complains that he had not received a response to his May 5, 2009-grievance. The court asks why would the plaintiff file a grievance to the Administrative Review Board on July 11, 2009 saying he had not receive a response to the May 5, 2009, but actually attaches the responses. In addition, he dates the appeal of that response at a date later than the July 11, 2009-grievance. His appeal of the May 5, 2009-grievance is dated July 26, 2009. The plaintiff's dating the July 11, 2009-grievance on that date is a further ruse. Clearly, he was attempting to make it appear as if he had met the 30-day deadline. Further, the court notes the Administrative Review Board received his grievances on July 28, 2009, two days after he dated the appeal. Obviously, the plaintiff had not mailed his "July 11, 2009" grievance before July 26, 2009. Further, his allegations that he received a response for only one of his grievances is belied by his attachments. Pursuant to 42 U.S.C. § 1997e(a), the plaintiff's claims against the defendants, Ince and Livingston must be dismissed for failure to exhaust administrative remedies.

Furthermore, even if the plaintiff had exhausted his administrative remedies, his lawsuit would be dismissed. Here, the plaintiff claims Defendants Ince and Livingston denied his request for medical treatment. However, the plaintiff admits that he was seen by a nurse within a few hours of his request and who scheduled him to see a doctor a few days later. So this boils down to a delay of medical care from the time the plaintiff first requested medical care at 1:00 p.m. until he received it between 3:00 p.m. and 8:00 p.m. "Delay is not a factor that is either always, or never, significant. Instead, the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment. *See Grieveson v. Anderson*, 538 F.3d 763, 778-80 (7th Cir.2008) (guards could be liable for delaying treatment for painful broken nose by at least a day-and-a-half); Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir.1997) (dismissal for failure to state a claim proper because six-day wait to see a doctor was not unreasonably long for infected cyst deemed not that severe); *Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir.1996) (presented jury question "whether the plaintiffs were in sufficient pain to

entitle them to pain medication within the first 48 hours after the beating"). *McGowan v. Hulick*, — F.3d —, 2010 WL 2313636 (7th Cir. 2010)(reversing dismissal of complaint alleging three months delay in dentist appointment and months delay in referral). In the instant case, the delay was not a significant delay. Rather, the plaintiff received medical attention from a nurse in less time than people who are not imprisoned. The nurse saw him within a few hours and used her professional judgment that plaintiff did not need immediate care, but instead would be scheduled for an appointment.

The plaintiff does not allege that any of the defendants are medical professionals. No inference of deliberate indifference arises on the part of nonmedical defendants. In the context of medical treatment, "if a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . ." *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005). Prison employees with no medical training are entitled to, and in most cases must, rely on the medical professionals who do have that training to diagnose and treat inmate's health conditions. *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005). Therefore, the court finds, pursuant to Fed. R. Civ. Pro. R. 12(b)(6), he has failed to state a claim of deliberate indifference to his serious medical needs against the defendants, Ince and Livingston.

As to the plaintiff's claim against the defendants, Pampel and Fairchild, the court finds that plaintiff has failed to state a violation of any federal constitutional rights. First, it is well-settled that a plaintiff cannot state a constitutional claim for the denial of a grievance. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995)(finding the plaintiff had no right to a grievance procedure adequate to offer redress of his grievances.) Second, the only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right of access to the courts. *Id.* at 1430; *DeWalt v. Carter*, 224 F.3d 607, 6718 (7th Cir. 2000). The plaintiff's exhibits show that he was allowed the opportunity to exhaust administrative remedies, but he failed to timely exhaust. Therefore, pursuant to Fed. Civ. Pro. Rule 12(b)(6), his claims against Pampel and Fairchild are dismissed for failure to state a claim upon which relief may be granted.

It is ordered:

1. Pursuant to 42 U.S.C. § 1997e(a), the plaintiff's claims against the defendants, Ince and Livingston are dismissed for failure to exhaust administrative remedies.
2. Pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's clais against the defendants, Pampel and Fairchild are dismissed.
3. This lawsuit is dismissed in its entirety. Any remaining matters are rendered moot.
4. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within

      seven days of such change.
5.      If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 16th day of February 2011.

/s/ Michael M. Mihm
_____
Michael M. Mihm
Senior United States District Judge